IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIAN STENGEL,

    Plaintiff,

    v.                                                    No. CIV 15-00246-WJ-KBM

NEW MEXICO CORRECTIONS
DEPARTMENT, GERMAN FRANCO,
BRIAN JOHNSON, MICHAEL LAWTON,
MARK SENA, SERGIO SAPIEN, and
MICHELLE BOYER,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants confiscated Plaintiff's lawfully-purchased black Lucero classical guitar and hard case, without providing Plaintiff with the "necessary confiscation and disposition forms as required by policy."  [Doc. 1 at 14]   The complaint further alleges that Defendants released Plaintiff's classical guitar and hard case to someone who was not authorized to pick up Plaintiff's property, in violation of policy.  [Doc. 1 at 15-16]   Additionally, the complaint alleges that Defendants failed to process and answer Plaintiff's informal complaints and individual grievances, in violation of policy.   Plaintiff contends that these actions deprived him of his property without due process of law in violation of the Fifth and Fourteenth Amendments and his right to petition the government in violation of the First Amendment.  Plaintiff's complaint seeks declaratory and injunctive relief, as well as compensatory and punitive damages.   [Doc. 1 at 17-19]

Plaintiff's due process claim is governed by *Hudson v. Palmer*, 468 U.S. 517 (1984) and *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).   In *Hudson*, the United States Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  468 U.S. at 533.  This is because "when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur."  *Id.*   Thus, pursuant to *Hudson*, "the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."  *Id.*; *see*

*Smith v. Colorado Dep't of Corrections*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

State tort remedies are available to redress the alleged deprivation of Plaintiff's due process property rights. *See* N.M.S.A. 1978, § 41-4-6(A) (waiving sovereign immunity for "property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment, or furnishings"); N.M.S.A. 1978, § 41-4-12 (waiving sovereign immunity for "property damage resulting from . . . violation of property rights or deprivation of any rights, privileges, or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties"). Therefore, Plaintiff's due process claim will be dismissed. *See Thomas v. New Mexico Corrections Dep't*, 272 F. App'x 727, 729 (10th Cir. 2008) (affirming the dismissal of the plaintiff's due process claim because under New Mexico law "an adequate postdeprivation remedy is available and there was no due process violation").

With respect to Plaintiff's First Amendment claim, it is well established that "prisoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts." *Hudson*, 468 U.S. at 523. However, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam), *quoted in Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011). Because Defendants' alleged failure to process and answer Plaintiff's informal complaints and

individual grievances "in no way prevented or hindered [Plaintiff] from bringing suit in court, his access-to-the-courts claim indisputably lacks merit." *Fogle v. Gonzales*, 570 F. App'x 795, 797 (10th Cir. 2014); *see also Hornsby v. Jones*, 188 F. App'x 684, 690 (10th Cir. 2006) (noting that the plaintiff's "'invocation of the judicial process indicates that the prison has not infringed his First Amendment right to petition the government for redress of grievances'") (*quoting Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)).  Therefore, Plaintiff's First Amendment claim will be dismissed.

      IT IS THEREFORE ORDERED that Plaintiff's civil rights complaint is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE